JOHN T. KEATING
Nevada Bar No. 6373
CHATREE M. THONGKHAM
Nevada Bar No. 11875
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
cthongkham@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>BRYAN COOPER, an individual, STEPHANIE COOPER, an individual, MATTHEW MOORE, an individual, SHANNON MOORE, an individual, THE ROSE DOMKA FAMILY TRUST, a Nevada trust, DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | CASE NO.:<br><br><u>COMPLAINT FOR DECLARATORY RELIEF</u> |

Plaintiff ALLSTATE INDEMNITY COMPANY ("ALLSTATE"), by and through its attorneys, KEATING LAW GROUP, alleges and claims as follows:

## PARTIES

1. Plaintiff ALLSTATE INDEMNITY COMPANY ("ALLSTATE"), is and was at all times relevant to these proceedings an Illinois corporation, incorporated in the State of Illinois licensed to do business in the State of Nevada with its headquarters in Illinois.

1

2. Defendant BRYAN COOPER is and was at all times relevant to this action, a resident of Nye County, Nevada.

3. Defendant STEPHANIE COOPER is and was at all times relevant to this action, a resident of Nye County, Nevada.

4. Defendant MATTHEW MOORE is and was at all times relevant to this action, a resident of Nye County, Nevada.

5. Defendant SHANNON MOORE is and was at all times relevant to this action, a resident of Nye County, Nevada.

6. Defendant THE ROSE DOMKA FAMILY TRUST is and was at all times relevant to this action, a trust formed under the laws of the State of Nevada, whose Trustee is located in Nye County, Nevada.

7. The true names and capacities of Defendants sued herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek to amend this Complaint to set forth the true names and capacities of said fictitiously named Defendants when the same has been fully ascertained.

## GENERAL ALLEGATIONS

8. On March 28, 2020. Defendant BRYAN COOPER ("Bryan"), a police officer, responded to a call regarding an alleged crime being committed at 1080 S. Warehouse Road, Pahrump, Nevada 89048 (the "Subject Property") by Defendant MATTHEW MOORE ("Matthew")

9. The Subject Property was owned by THE ROSE DOMKA FAMILY TRUST (the "Domka Trust").

10. On information and belief, Defendant Shannon occupied the Subject Property pursuant to a contractual agreement with Defendant Domka Trust.

11. Defendant Bryan was armed with a 9mm pistol issued to him by the Nye County Sherriff's Department.

12. Defendant Bryan arrived at the Subject Property and made contact with Defendant SHANNON MOORE ("Shannon").

13. Defendant Shannon is Defendant Matthew's mother.

14. Shannon Moore confirmed that Matthew Moore was a resident of the home "off and on" at the time of the incident.

15. Shortly thereafter, Matthew Moore emerged and shot Defendant Bryan with a shotgun. The shot struck Defendant Bryan's bullet proof vest.

16. When Defendant Bryan attempted to return fire, his weapon allegedly jammed.

17. Defendant Matthew allegedly fired his shotgun four additional times at Defendant Bryan, allegedly resulting in severe injuries.

18. Defendant Matthew was allegedly killed by two other officers at the scene.

19. Defendants Bryan and his wife, Defendant STEPHANIE COOPER ("Stephanie") filed a complaint in the Fifth Judicial District Court of the State of Nevada, resulting in Nevada Case No. CV22-0141 (the "Underlying Case").

20. Defendants Bryan and Stephanie seek recovery against the manufacturer of Defendant Bryan's weapon and the ammunition vendor for strict products liability and negligence.

21. Defendants Bryan and Stephanie seek recovery against Defendant Domka Trust and Defendant Shannon for premises liability for allowing Defendant Matthew, a "violent individual", to occupy the premises.

3

22. Defendants Bryan and Stephanie seek recovery against Defendant Shannon for negligence by failing to warn Defendant Bryan of Defendant Matthew's presence.

23. This recovery includes damages based on expenses, both past and future, as well as lost wages, diminished future earning capacity, loss of consortium and requests for general damages.

## SHANNON MOORE'S INSURANCE POLICY

24. At all times relevant, Shannon Moore was the named insured on Allstate Rental Policy No. 886439286 (the "Subject Policy").

25. The insured property is listed as the Subject Property, 1080 Warehouse Road, Pahrump, Nevada 89048.

26. The Policy was issued in Nevada.

27. The terms and conditions of the Policy are governed under the laws of the State of Nevada.

28. The Named Insured on the Policy is "Shannon Moore".

## POLICY COVERAGES

29. The Subject Policy provides Liability Coverage under a heading of the same name as follows:

> **Section II—Family Liability And Guest Medical Protection**
> **Family Liability Protection–Coverage X**
> **Losses We Cover Under Coverage X:**
> Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.
>
> **We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

4

30. The Subject Policy also provides Guest Medical Protection as follows:

**Guest Medical Protection–Coverage Y**
**Losses We Cover Under Coverage Y:**
**Allstate** will pay the reasonable expenses incurred for necessary medical, surgical, X-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.
Each person who sustains **bodily injury** is entitled to this protection when that person is:
1. on the **insured premises** with the permission of an **insured person**; or
2. off the **insured premises**, if the **bodily injury**:
a) arises out of a condition on the **insured premises** or immediately adjoining ways;
b) is caused by the activities of an **insured person** or a **residence employee**;
c) is caused by an animal owned by or in the care of an **insured person**; or
d) is sustained by a **residence employee**.

## POLICY DEFINITIONS

31. This coverage is subject to certain definitions. "Insured person" is defined as:

3. **"Insured person(s)"**—means **you** and, if a resident of **your** household:
a) any relative; and
b) any dependent person in **your** care.
Under **Family Liability Protection–Coverage X** and **Guest Medical Protection–Coverage Y, insured person** also means:
c) any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an **insured person. We** do not cover any person or organization using or having custody of animals or watercraft in any **business**, or without permission of the owner.
d) with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an **insured person**.

32. "Bodily Injury" is defined as:

4. **"Bodily injury"**—means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
a) any venereal disease;
b) herpes;
c) Acquired Immune Deficiency Syndrome (AIDS);
d) AIDS Related Complex (ARC);

5

e) Human Immunodeficiency Virus (HIV);
or any resulting symptom, effect, condition, disease or illness related to
a) through e) listed above.
Under **Guest Medical Protection–Coverage Y**, **bodily injury** means physical harm to the body, including sickness or disease, except that **bodily injury** does not include:
a) any venereal disease;
b) herpes;
c) Acquired Immune Deficiency Syndrome (AIDS);
d) AIDS Related Complex (ARC);
e) Human Immunodeficiency Virus (HIV);
or any resulting symptom, effect, condition, disease or illness related to
a) through e) listed above.

33. "Property Damage" is defined as:

   8. **"Property damage"**—means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

34. "Occurrence" is defined as:

   7. **"Occurrence"**—means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, during the policy period, resulting in **bodily injury** or **property damage**.

35. The conduct alleged in the underlying complaint does not constitute an occurrence as the term is defined in the policy.

## POLICY EXCLUSIONS

36. There is a policy exclusion for intentional acts which is set forth in both Coverage X and Y as follows:

   1. **We** do not cover **bodily injury**, **personal injury**, or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**. This exclusion applies even if:
   a) an **insured person** lacks the mental capacity to govern his or her conduct;
   b) such **bodily injury**, **personal injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
   c) such **bodily injury**, **personal injury**, or **property damage** is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

6

37. The intentional act engaged in by Matthew Moore, specifically, the shooting of Officer Cooper precludes coverage for Matthew and Shannon Moore under the Allstate policy.

38. Based upon the conduct engaged in by Matthew Moore, no coverage exists for Matthew or Shannon Moore under the Allstate rental policy.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

39. Allstate repeats and re-alleges the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

40. Allstate has reserved all of its rights under the above-referenced Policy for the allegations against Defendants Shannon and Matthew.

41. An actual dispute and judicial controversy exist between ALLSTATE, and Defendants Bryan, Stephanie, Shannon, Matthew and the Domka Trust concerning the application and interpretation of the terms and conditions of the above-referenced Policy.

42. An actual case or controversy exists between Allstate and all Defendants as to whether the claims asserted by Bryan and Stephanie Cooper against Shannon and Mathew Moore are covered under the terms and conditions of the above-referenced Policy. and the effect it may have on any agreement between Defendant Shannon Moore and Defendant Domka Trust.

43. Therefore, Allstate is entitled to an Order from this Court declaring the rights, duties and obligations of the parties under the Policy.

WHEREFORE, Allstate prays for the following:

1. An Order from the Court declaring that the Policy is valid and enforceable;

2. An Order from the Court declaring that the claims asserted by Defendants Bryan and Stephanie Cooper against Defendants Shannon and Matthew Moore are not covered under the Policy;

3. An Order from the Court declaring that Allstate is not required to defend and/or indemnify Defendant Shannon Moore for the claims asserted by Defendant Bryan and Stephanie Cooper against her for the March 25, 2020 incident.

4. An Order from the Court declaring that Allstate is not required to defend and/or indemnify Defendant Shannon Moore, Matthew Moore or his estate for any injuries arising from the March 25, 2020 incident.

5. An Order from the Court declaring that Allstate is not required to defend or indemnify Defendant Domka Trust pursuant to any agreement between Defendant Domka Trust and/or Defendant Stephanie or Defendant Matthew.

6. For attorney's fees and costs incurred herein; and

7. For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2023.

KEATING LAW GROUP

By: _/s/John T. Keating_____
JOHN T. KEATING
Nevada Bar No. 6373
CHATREE M. THONGKHAM
Nevada Bar No. 11875
9130 W. Russell Road, Ste. 200
Las Vegas NV 89148
Attorneys for Plaintiff