# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Indemnity Company, | Case No. 2:23-cv-00685-CDS-DJA |
| Plaintiff, | |
| v. | Order |
| Bryan Cooper, et al., | |
| Defendants. | |

Before the Court is the parties' stipulated discovery plan. (ECF No. 18). The parties request special scheduling review because they seek a discovery period of 270 days instead of the 180 days provided in Local Rule 26-1(b)(1). The reason the parties provide for seeking additional time is "to allow this Court time to rule on the pending Cooper Motion to Dismiss before expending resources on discovery." But the stipulation dos not reference any authority regarding staying discovery pending a dispositive motion. The Court thus denies the stipulation without prejudice and includes the legal standard which it employs in deciding motions to stay below.

**I.      Legal standard.**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause. The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797,

801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply the preliminary peek test to determine when discovery may be stayed. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court, however, agrees with the Honorable Magistrate Judge Brenda Weksler's reasoning in *Schrader v. Wynn Las Vegas, LLC* that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3-4 (D. Nev. Oct. 14, 2021). This Court believes that Judge Weksler articulated an effective analytical framework for determining when motions to stay should be granted and has employed that framework in deciding motions and stipulations to stay.[1] *See Wong v. Night Swim Lane Trust*, No. 2:22-cv-01985-APG-DJA at ECF No. 15 (D. Nev. March 27, 2023); *see Ornelas et al. v. Amazon.com, Inc. et al.*, No. 2:22-cv-00304-JCM-DJA at ECF No. 32 (D. Nev. March 6, 2023).

As a result, the test this Court applies considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery. *See id.* Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in

---

[1] The Court recognizes that it has recently adopted this analytical framework, meaning that its decisions may not have appeared on search engines like Westlaw and Lexis.

discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## II.     Analysis.

Because the parties have not provided any analysis regarding the standards governing motions to stay, but effectively seek a stay of discovery in their discovery plan, the Court denies their stipulation without prejudice. In the event the parties seek a stay of discovery, they must file the appropriate motion or stipulation. Regardless of whether the parties seek a stay they must submit a renewed stipulated discovery plan either following the schedule outlined in Local Rule 26-1(b) or providing a reason other than a stay to justify why longer or different time periods should apply.

**IT IS THEREFORE ORDERED** that the parties' stipulated discovery plan (ECF No. 18) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that on or before **August 1, 2023**, the parties shall file a renewed stipulated discovery plan either following the schedule outlined in Local Rule 26-1(b) or providing a reason other than a stay to justify why longer or different time periods should apply.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail a copy of this order to *pro se* Defendant Shannon Moore.

DATED: July 11, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE