JOHN T. KEATING
Nevada Bar No. 6373
K E A T I N G LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN COOPER, an individual, STEPHANIE COOPER, an individual, MATTHEW MOORE, an individual, SHANNON MOORE, an individual, THE ROSE DOMKA FAMILY TRUST, a Nevada trust, DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:   2:23-cv-00685-CDS-DJA<br><br><s>PROPOSED</s> STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER |

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1(e)

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26(1), Plaintiff Allstate Indemnity Company, Defendants Bryan Cooper and Stephanie Cooper, by and through their undersigned counsel of record, and Defendant in Pro Per Shannon Moore hereby stipulate to and request that the Court enter the following discovery plan and scheduling order (deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day):

1.  **Discovery Conference.**  The Fed. R. Civ. P. 26(f) planning meeting was held on

1

June 21, 2023, for the parties to meet and confer to discuss discovery in this case. In attendance were John T. Keating, Esq. on behalf of the Plaintiff, Justin R. Watkins, Esq. on behalf of Defendants Bryan Cooper and Stephanie Cooper, and Shannon Moore appeared in Pro Per. The parties will provide their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 7, 2023.

2. Plaintiff filed its Complaint on May 1, 2023. Service of Process was effectuated on the Cooper Defendants on or about May 3, 2023. Service of Process was effectuated on the Moore Defendants as well as The Rose Domka Family Trust on or about May 3, 2023. On May 25, 2023, the Cooper Defendants filed a Motion to Dismiss, or in the Alternative to Stay Plaintiff's Declaratory Judgment Action. Also on May 25, 2023, Defendant Shannon Moore filed her Answer.

3. <u>Discovery Plan</u>:

    a. It is anticipated that discovery may be conducted on all claims and defenses presented by the parties' pleadings and discovered in the discovery process. Discovery will be completed by November 21, 2023 which is 180 days from the date the Cooper Defendants filed their Motion to Dismiss and Defendant Shannon Moore filed her Answer to Plaintiff's Complaint (May 25, 2023). (This does not exceed the one hundred eighty (180) day presumptive outside limit set by LR 26(b)(1) for completing discovery.) It is not necessary that discovery be conducted in phases or be limited to or focused on particular issues.

    b. The parties agree to depositions of no more than seven (7) hours each in accordance with Rule 30(d)(1) unless the parties expressly agree to extend a specific deposition.

2

     c.     With respect to the production of electronically stored information, in addition to the provisions of Rule 26(b)(2)(B), the parties agree to the following procedures regarding discovery of electronically stored information:

     1.     Electronic files and e-mail.

With respect to electronic files, including e-mail, the parties may use reasonable keyword searching to identify electronically stored information reasonably likely to have discoverable information.  (Each party will keep list of all keywords used to conduct its search and produce the list upon the request of the other party.)  The parties will meet and confer in good faith to resolve any disputes regarding electronic file searching, e-mail searching, or electronic discovery.

     2.     Form of production.

The parties agree that all documents produced in this action will be exchanged electronically in pdf or other commonly readable format with case-related page numbering.  If a party later seeks discovery of documents in native format, the parties shall confer to reach an agreement regarding what, if any, associated metadata shall be produced.  The parties also reserve the right to request production of certain documents in their native format (*e.g.,* MS Excel files or their equivalent, MS PowerPoint presentations or their equivalent, *etc.*) and will meet and confer regarding such production as necessary and appropriate.

    d.      Claims of Privilege or Protection as Trial-Preparation Material. The parties have agreed to the following regarding claims of privilege or of protection of trial-preparation materials:

        A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material pursuant to Fed. R. Civ. P. 26(b)(5), must submit a detailed privilege log detailing the nature of the privilege or the basis for each item's protection as trial preparation material at the time of production.  Further, the parties shall comply with Rule 4.4(b) of the Nevada Rules of Professional Conduct, which states as follows: "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender."  Moreover, in the event that any party produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser of the document does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the disclosure the Discloser notifies all other parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted.  A reasonable failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

        If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with the "clawback" provisions of

4

this Joint Discovery Plan, and the Recipient(s) do not contest the claim of privilege or the timing of the claim of privilege, the Recipient(s) will return the specified material or documents and any copies within seven (7) days of the notification, and will permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction. In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser the documents will be deemed "Confidential" and will not be disclosed in any manner until a decision is made by the court regarding the alleged privilege. The parties agree that any review of such disputed items by the Court shall be *in camera*. If the court determines the documents are privileged and that the privilege has not been waived, the return and destruction provisions of this paragraph shall apply. If the court does not rule that the documents are privileged, the parties will proceed in accordance with the court's order.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this action or against the Discloser in any future litigation or arbitration brought by the Receiving party(ies). Nothing contained herein shall be deemed to waive any objection that any party may wish to assert under applicable state or federal law.

e.  In addition, in order to facilitate the free flow of information and protect against the disclosure of certain confidential documents and other confidential proprietary information, including, but not limited to financial, marketing, and training information, the parties will agree to and present to the Court for approval, a suitable protective order.

f.  The parties have not agreed to any changes or limitations on discovery imposed under the rules or procedure and local rules.

g.  There are no additional orders that should be entered by the Court at this time under FRCP 26(c) or 16(b) and (c).

4.  Scheduling Order. In accordance with LR 26-1(3)2) through (e)(6) and 26-3, the following events shall occur on or before the following dates:

| EVENT | | DATE |
|---|---|---|
| a. | Discovery deadline: | November 21, 2023 |
| b. | Motions to amend pleadings and add parties: | August 23, 2023 |
| c. | Expert disclosures pursuant to Rule 26(a)(2)(C) | |
| | i. Initial Experts: | September 22, 2023 |
| | ii. Rebuttal expert disclosures | October 23, 2023 |
| d. | Dispositive motions filed: | December 21, 2023 |
| e. | Joint Pretrial Order | |
| | i. If no dispositive motions are filed: | January 22, 2024 |
| | ii. If dispositive motions are filed: | 30 days after the disposition of dispositive motions |

f.  The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Pre-Trial Order.

5.  Extensions or Modifications of the Discovery Plan and Scheduling Order. Local

6

Rule 26-3 governs modifications of extensions of this discovery plan and scheduling order. Any stipulation or motion must be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline and comply fully with Local Rule 26-3 and 6-1.

6. The parties certify that they have considered the use of alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation.

7. The parties certify that they have considered consent to trial by a magistrate under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, use of the Short Trial Program (General Order 2013-01).

**AGREED AND ACCEPTED:**

Dated this 1st day of August, 2023.

K E A T I N G LAW GROUP

/S/ JOHN T. KEATING /
JOHN T. KEATING, ESQ.
Nevada Bar No.: 6373
9130 W. Russell Road, Ste. 200
Las Vegas NV 89148
Attorney for Plaintiff

Dated this 1st day of August, 2023.

CRAIG P. KENNY & ASSOCIATES

/S/ BILLIE-MARIE MORRISON /
BILLIE-MARIE MORRISON, ESQ.
501 S. 8th Street
Las Vegas, Nevada 89101
Attorney for Defendants
*Bryan Cooper and Stephanie Cooper*

Dated this 1st day of August, 2023.

/S/ SHANNON MOORE /
SHANNON MOORE
5461 Genoa Avenue
Pahrump, Nevada 89060
*Defendant in Pro Per*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 2, 2023
CASE NO.: 2:23-cv-00685-CDS-DJA

7